**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CODY A. STANKE (#1), *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | )   Case No. 09-CV-140-GKF-PJC |
| PENLOYD, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter comes before the court on the Motions to Dismiss of defendants Geordie Cruickshank [Doc. No. 8], John McNicolas [Doc. No. 19] and Paul Butzberger [Doc. No. 23]. Plaintiffs object to the motions. For the reasons set forth below, the motions are granted.

Plaintiffs are former employees of defendant Penloyd, LLC. They filed suit in Tulsa County District Court alleging:

> Until sometime in January, 2009, each of the Plaintiffs was an employee of Defendant Penloyd, when said Defendant "announced the termination of Plaintiffs without giving notice due under the WARN Act, without paying full wages due, without paying earned vacation due to Plaintiffs, without paying monies due to the medical and other benefits plans that had been withheld from employee paychecks, without funding said plans to the extent necessary, but paying Plaintiffs with insufficient checks.

[Doc. No. 2-2, First Amended Petition, ¶4]. The individual defendants, according to the First Amended Petition, "are top management in Defendant Penloyd and together with Penloyd Holding have, with regard to Plaintiffs, acted in the interest of Defendant Penloyd with regard to wages due to Plaintiffs, and, as such, are personally liable with regard to such wages." [*Id.,* ¶2].

Pursuant to 28 U.S.C. §§1331, 1441 and 1446, Defendants removed the case to federal court on the basis of federal question jurisdiction [Doc. No. 2]. Subsequently, the individual defendants, Cruickshank McNicolas and Butzberger, filed Motions to Dismiss pursuant to

Fed.R.Civ.P. 12(b)(6), alleging plaintiffs have failed to state a claim upon which relief can be granted.

## I.  Standard

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The United States Supreme Court clarified this standard in *Bell Atlantic Corp. v. Twombly*, ruling that to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." 550 U.S. 544, 570(2007).  Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247, citing *Twombly*, 550 U.S. at 556 (internal quotations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id*.

Although the new *Twombly* standard is "less than pellucid," the Tenth Circuit Court of Appeals has interpreted it as a middle ground between "heightened fact pleading," which is expressly rejected, and complaints that are no more than "labels and conclusions," which courts should not allow.  *Robbins*, 519 F.3d at 1247, citing *Twombly*, 550 U.S. at 555, 570.  Accepting the allegations as true, they must establish that the plaintiff plausibly, and not just speculatively, has a claim for relief.  *Robbins*, 519 F.3d at 1247.  "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of

success, but also to inform the defendants of the actual grounds of the claim against them." *Id*. at 1248.

## II.  Analysis

Here, plaintiffs have alleged the individual defendants are "top management" of Penloyd and have acted in the former employer's interest with regard to wages due to plaintiffs. Plaintiffs make allegations that Penloyd violated the federal Worker Adjustment and Retraining Notification ("WARN") Act and failed to pay them all wages and benefits due. However, the First Amended Petition is insufficiently vague to provide the individual defendants with notice of what law or laws they are accused of violating and upon what basis plaintiffs are attempting to hold them individually liable. The pleading does not meet the standard set out in *Twombly, Robbins* and *Ridge at Red Hawk.*

## III.  Conclusion

Defendants' Motions to Dismiss [Doc. Nos. 8, 19 and 23] are granted. Plaintiffs are granted leave to file an amended complaint on or before August 31, 2009.

ENTERED this 17th day of August, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma