### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CODY A. STANKE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 09-CV-140-GKF-PJC |
| ) | |
| PENLOYD, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### OPINION AND ORDER

This matter comes before the court on the motion of defendants Geordie Cruickshank and Paul Butzberger ("individual defendants") to dismiss plaintiffs' [Second] Amended Complaint[1] for failure to state a claim upon which relief can be granted. On August 18, 2009, the court granted a previous motion by individual defendants[2] to dismiss the First Amended Petition, but granted plaintiffs leave to file another amended pleading in order to provide the individual defendants with notice of what law or laws they are accused of violating and upon what basis plaintiffs are attempting to hold them individually liable. For the reasons set forth below, the motion to dismiss is granted in part and denied in part.

Plaintiffs are former employees of Penloyd, LLC.[3] Plaintiffs allege, as they did in their First Amended Petition, that Penloyd, LLC failed to give Plaintiffs the notice they were due under the

---

[1]The "Amended Complaint" filed at Docket No. 36 is more accurately referred to as plaintiffs' Second Amended Complaint, as plaintiffs filed an original Petition in state court on February 12, 2009, and a First Amended Petition on March 10, 2009.

[2]Cruickshank and Butzberger were joined in the previous motion by defendant John McNicholas, who was dismissed by stipulation [Doc. No. 25].

[3]Penloyd, LLC filed a petition for bankruptcy styled *In re Penloyd, LLC*, No. 10-10369 (Bankr. N.D. Okla.) on February 16, 2010.

WARN act, failed to pay full wages and earned vacation due to Plaintiffs, failed to pay monies that had been withheld from employee paychecks over to medical and other benefit plans, and failed to fund the plans to the extent necessary. [Doc. No. 36, ¶ 4]. Plaintiffs are no longer asserting WARN Act violations against the individual defendants. Rather, they allege that the individual defendants:

> . . . have acted in the interest of Defendant Penloyd with regard to wages due to Plaintiffs and also have acted as fiduciaries under the various ERISA plans with regard to controlling funding and not paying trust funds due into said plans. Thus, . . . the individual Defendants become liable to Plaintiffs under the FLSA and under ERISA.

## Discussion

To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must give the Court reason to believe that *these* plaintiffs have a reasonable likelihood of mustering factual support for *these* claims. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). A motion to dismiss should be granted when the complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action..." *Bell Atlantic*, 550 U.S. at 1965.

1. <u>The FLSA claim</u>. The Fair Labor Standards Act prohibits employers from paying less than minimum wage (29 U.S.C. § 206) and from paying less than time and one-half for hours worked in excess of forty hours per week (29 U.S.C. § 207). The FLSA defines "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an

employee..." Although plaintiffs have alleged that the individual defendants "have acted in the interest of Defendant Penloyd with regard to wages due to Plaintiffs," and that Penloyd announced their termination "without paying full wages due," there is no allegation that any plaintiff was denied increased compensation for overtime worked as required by the FLSA, or that any plaintiff has received less that the minimum wage required by the FLSA. Absent specific allegations identifying which provision of the FLSA plaintiffs contend defendants violated, and facts alleged in support of those allegations, the court concludes that plaintiffs fail to state a plausible claim for relief under the FLSA. The motion to dismiss is granted with respect to the FLSA claim against the individual defendants contained in the Second Amended Complaint.

2. <u>The ERISA claim</u>. The individual defendants concede in their reply that, insofar as plaintiffs allege that the individual defendants failed to pay trust funds withheld from employees' paychecks into a plan, the plaintiffs have stated an ERISA claim upon which relief can be granted. *See In re Luna*, 406 F.3d 1192, 1199 n.3 (10th Cir. 2005). The motion to dismiss is denied with respect to the allegation that the individual defendants failed to pay trust funds withheld from employee paychecks in to an ERISA plan.[4]

3. <u>Joinder of Additional Parties Plaintiff</u>. Finally, movants seek dismissal of the eighteen (18) plaintiffs added without permission in the Second Amended Complaint. A party may amend its pleading once as a matter of course, but in all other cases, a party may amend it pleading only

---

[4] Citing *Holdeman v. Devine*, 474 F.3d 770, 778 (10th Cir. 2007), the individual defendants argue that a decision to pay other business expenses rather than to make contributions to an employee benefit plan is a business decision, not a breach of fiduciary duty. Though defendants' statement of the law is accurate, this court need not address the issue, as plaintiffs state that their allegations are confined to "trust funds withheld from a paycheck and not paid in..." [Doc. No. 41, ¶ 5].

with the opposing party's written consent or the court's leave. Fed.R.Civ. P. 15(a)(2). Plaintiffs did not seek leave to join the eighteen (18) additional parties plaintiff, nor did the court permit such joinder when it authorized the filing of the Second Amended Complaint. The motion to dismiss the plaintiffs added without leave of court is granted.

WHEREFORE, the Motion of Defendants Geordie Cruickshank and Paul Butzberger to Dismiss Plaintiffs' [Second] Amended Complaint [Dkt. No. 40] is granted in part and denied in part.

IT IS SO ORDERED this 23rd day of April 2010.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma